**In re Gwynn T. EARP, Debtor.**

**Bankruptcy No. 94–07015.**

United States Bankruptcy Court,
N.D. Florida,
Tallahassee Division.

June 20, 1994.

C. Edwin Rude, Jr., Tallahassee, FL, for creditors.

Thomas B. Woodward, Tallahassee, FL, for debtor.

William Miller, Trustee, Tallahassee, FL.

## ORDER DENYING AMENDED MOTION TO EXTEND TIME TO FILE COMPLAINT TO DETERMINE DISCHARGEABILITY AND TO OBJECT TO DISCHARGE

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER is before the Court on the amended motion of Gwyndoline T. Earp and Curtis D. Earp ("creditors") for an extension of time to file a complaint to determine the dischargeability of certain debts and to object to the Debtor's discharge. On May 18, 1994, the creditors filed a motion to extend by a thirty days the time for filing a complaint under §§ 523(c) and 727. On May 26, 1994, the Debtor filed an objection stating that the creditors' motion was filed after the May 16, 1994 deadline for filing such complaints and was, therefore, improper. The Court denied the creditors' motion on May 31, 1994. Thereafter on June 16, 1994, the creditors filed the instant motion amending their earlier motion to include a claim of excusable neglect as basis for an extension of time following the expiration of time to file such complaints. For the reasons stated herein, the creditors' amended motion must also be denied.

Excusable neglect is addressed in the "time" provisions of Bankruptcy Rule 9006(b) which reads in part:

> **Except as provided in paragraphs (2) and (3) of this subdivision,** when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion ... (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Thus, the discretion of a court to permit a party to complete an act following an expiration of the time specified by the rules due to the excusable neglect of the party is expressly limited by Rule 9006(b).

Paragraphs (2) and (3) of Rule 9006(b) specify where enlargement is either not permitted or permitted only within the requirements of the rule permitting an act. Included in the latter category are Rules 4004 and 4007 which govern the time for filing a complaint objecting to discharge and determining dischargeability, respectively. Both rules permit a party to seek an extension of time for filing complaints, but such motions must be made *before* the deadline imposed by the rules. *Rules 4004(b) and 4007(c)*, *F.R.Bankr.P.* Failure to request an extension of time to file a discharge or dischargeability complaint prior to the deadline is fatal, especially where the party has knowledge of, or could easily ascertain the deadline. *See, In re Williamson*, 15 F.3d 1037, 1039 (11th Cir.1994). Accordingly, it is

ORDERED AND ADJUDGED that the creditors' amended motion for an extension of time to file complaints under §§ 727 and 523(c) be, and hereby is denied.

DONE AND ORDERED.